UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                                  Plaintiff,                      **ORDER**

    -against-                                                11 CV 4822 (DRH) (WDW)

GLORIA LEAP as heir to Marie C. LaTerza,
LAWRENCE EUGENE LaTERZA as heir to
Marie C. LaTerza, and NASSAU COUNTY
DEPARTMENT OF SOCIAL SERVICES,

                                Defendants.
----------------------------------------------------------X

**HURLEY, Senior District Judge:**

        Plaintiff United States of America ("Plaintiff") commenced this action on October 3, 2011 against defendants Gloria Leap ("Leap"), Nassau County Department of Social Services ("Nassau County"), New York State Dept of Finance, United States of America Dept. of the Treasure, XYZ Corporation, and John Doe #1-10, to foreclose on a Home Equity Conversion Mortgage (HECM) loan, known as a reverse mortgage, upon real property located in Nassau County, New York.[1] The mortgage, dated February 24, 2006, was executed by former defendant Marcie C. LaTerza, now deceased (the "Notemaker"), to secure payment of $525,000.00 plus interest. No parties appeared or answered, but several defendants were terminated, leaving Leap and Lawrence Eugene LaTerza ("LaTerza"), as heirs to Marie LaTerza, and Nassau County, (collectively, "Defendants"), as named defendants. Leap and LaTerza's default was originally noted by the Clerk of Court pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) on May 1, 2012. Nassau County's default was originally noted by the Clerk of the Court pursuant to Rule 55(a) on June 13, 2012. Plaintiff moved for entry of a default judgment under Rule 55(b)

---

[1] An Amended Complaint filed on October 20, 2011 added defendants Marie C. LaTerza and Lawrence Eugene LaTerza.

on January 7, 2013. On January 22, 2013, the motion was referred to United States Magistrate Judge William D. Wall to issue a Report and Recommendation as to whether Plaintiff had demonstrated the allegations in the Amended Complaint establishing the Defendants' liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded. On March 6, 2013, Judge Wall issued a Report and Recommendation which recommended that the motion for default judgment be denied without prejudice, and that Plaintiff be given an opportunity to file and serve a Second Amended Complaint which would include sufficient allegations in support of the relief sought. On April 17, 2013, the Court adopted Judge Wall's March 6, 2013 Report and Recommendation.

On April 23, 2013, Plaintiff filed a Second Amended Complaint which alleges that Leap and LaTerza are heirs to the deceased Notemaker, and that Nassau County is a lienholder on the subject property. The Clerk of the Court entered the Defendants' default on the Second Amended Complaint on October 1, 2013. Plaintiff moved for entry of a default judgment under Rule 55(b) on November 8, 2013. On November 12, 2013, this motion was referred to Judge Wall to issue a Report and Recommendation as to whether Plaintiff has demonstrated the allegations in the Second Amended Complaint establishing the Defendants' liability such that the motion for default judgment should be granted, and if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded.

On February 18, 2014, Judge Wall issued a Report and Recommendation which recommended that the motion for default judgment be granted, the proposed Judgment of Foreclosure and Sale be so ordered, and the following damages be awarded: $335,428.31 in principal, plus accrued interest of $68,067.87, plus service fees of $3,220.00, plus mortgage

insurance premium of $19,565.95, for a current total due of $426,282.13, plus continuing accruing costs and fees as provided by the note, mortgage and applicable regulations, from October 31, 2014 through the date of judgment, plus $910.00 in costs.  More than fourteen days have elapsed since service of the Report and Recommendation and no party has filed an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the February 18, 2014 Report and Recommendation for clear error, and finding none, now concurs in both its reasoning and its result.  Accordingly, the February 18, 2014 Report and Recommendation is adopted as if set forth herein, except for the following correction to a clerical error:  Plaintiff is to be awarded continuing accruing costs and fees as provided by the note, mortgage and applicable regulations, from October 31, 2013 through the date of judgment, rather than from October 31, 2014 through the date of judgment, as stated on page 1 of the February 18, 2014 Report and Recommendation.[2]

Plaintiff's motion for a default judgment is granted.  The Court hereby directs that Plaintiff recover damages for the amounts itemized below, and that judgment be entered accordingly:

    (i)       $335,428.31 in principal;

    (ii)      $68,067.87 in accrued interest;

    (iii)     $3,220.00 in service fees;

    (iv)     $19,565.95 in mortgage insurance premium;

    (v)      continuing accruing costs and fees as provided by the note, mortgage and

---

[2] In addition, several corrections were made to errors in the proposed Judgment of Foreclosure and Sale. Most significantly, the proposed Judgment of Foreclosure and Sale incorrectly awarded interest on the award of $910.00 to Plaintiff for its costs, and incorrectly stated that the sum due to Plaintiff was $405,688.83 rather than the correct sum of $426,282.13.

applicable regulations, from October 31, 2013 through the date of judgment; and

(vi) $910.00 in costs.

The Court will enter a Judgment of Foreclosure and Sale contemporaneously with this Order.

Upon entry of judgment, the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
April 8, 2014

_____/s/_____
Denis R. Hurley
Unites States Senior District Judge